IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| JOHNATHAN GORDEN, <br>     PLAINTIFF, | |
| v. | Case No. 1:16-cv-83 |
| JTM CAPITAL MANAGEMENT, LLC, <br> JH PORTFOLIO DEBT EQUITIES, LLC, <br> CURTWRIGHT & KLEIN, LLC, <br> LEXON INSURANCE COMPANY, <br> INTERNATIONAL FIDELITY INSURANCE <br> COMPANY, and <br> WASHINGTON INTERNATIONAL INSURANCE <br> COMPANY, <br>     DEFENDANTS | |

## COMPLAINT AND JURY DEMAND

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. Supplemental Jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. This action arises out of violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq* (hereinafter referred to as "FDCPA"), and the Texas Finance Code § 392.001, *et seq* (hereinafter referred to as "TFC") by JTM Capital Management, LLC ("JTM"), JH Portfolio Debt Equities, LLC ("JH"), and Curtwright & Klein, LLC ("Curtwright") (collectively referred to as "Defendants").

## VENUE

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

5. Plaintiff resides in this Judicial District.

## PARTIES

6. Plaintiff, Johnathan Gorden ("Plaintiff"), is an adult individual residing in Fannin County, Texas.

7. JTM is a Delaware company operating from 210 John Glenn Dr., Amherst, New York 14228.

8. JTM can be served via its registered agent in Texas, National Registered Agents, Inc., at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

9. JH is a California company operating from 120 South Central Ave, Clayton, MO 63105.

10. JH can be served via its registered agent in Texas, C T Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

11. Curtwright is a Delaware company operating from 210 John Glenn Dr., Amherst, New York 14228.

12. Curtwright can be served via its registered agent in Texas, Corporation Service Company, at 211 E. 7th Street, Suite 620, Austin, TX 78701.

13. Defendant Lexon Insurance Company ("Lexon") is the surety company for the bond Defendant JTM has on file with the Texas Secretary of State, bond number 1102833. Lexon is liable for acts committed by JTM pursuant to, and to the extent

provided by, Chapter 392 of the Texas Finance Code and a bond secured pursuant thereto, as well as any other applicable law.

14. Lexon is a foreign entity that can be served in the state of Texas via its registered agent, Jay A Thompson, at 701 Brazos St, Ste 1500, Austin, TX 78701.

15. Defendant International Fidelity Insurance Company ("IFIC") is the surety company for the bond JH has on file with the Texas Secretary of State, bond number 0595079.  IFIC is liable for acts committed by JH pursuant to, and to the extent provided by, Chapter 392 of the Texas Finance Code and a bond secured pursuant thereto, as well as any other applicable law.

16. IFIC is a foreign entity that can be served in the state of Texas via its registered agent, Paracorp Incorporated at 3610-2 North Josey Lane Suite 223, Carrollton TX 75007.

17. Defendant Washington International Insurance Company ("Washington") is the surety company for the bond Curtwright has on file with the Texas Secretary of State, bond number S917-1017.  Washington is liable for acts committed by Curtwright pursuant to, and to the extent provided by, Chapter 392 of the Texas Finance Code and a bond secured pursuant thereto, as well as any other applicable law.

18. Washington is a foreign entity that can be served in the state of Texas via its registered agent, C T Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## FACTUAL ALLEGATIONS

19. Sometime prior to the filing of this Complaint, Plaintiff allegedly incurred a financial obligation that was used primarily for personal, family or household purposes (hereinafter the "Account"). Specifically, the alleged account is an old credit card which was used to purchase various personal items, mainly lawn care equipment used for personal reasons.

20. The Account allegedly went into default with the original creditor prior to the filing of this Complaint.

21. Plaintiff is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and Tex. Fin. Code § 392.001(1).

22. The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and is a "consumer debt" as that term is defined by Tex. Fin. Code § 392.001(2).

23. JH is a purchaser of defaulted debts and collects on those debts directly or indirectly for the purpose of making a profit. JH purchased the Account from the original creditor and attempted collections directly or indirectly in order to make a profit.

24. JH is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Tex. Fin. Code § 392.001(6), is a "third-party debt collector" as that term is defined by Tex. Fin. Code § 392.001(7).

25. JTM is a purchaser of defaulted debts and collects on those debts directly or indirectly for the purpose of making a profit. JTM purchased the Account from JH and attempted collections directly or indirectly in order to make a profit.

26. JTM is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Tex. Fin. Code § 392.001(6), is a "third-party debt collector" as that term is defined by Tex. Fin. Code § 392.001(7).

27. Curtwright is a company that receives placement of defaulted accounts for the sole purpose of collecting those accounts for a commission earned when the account is collected. JTM placed the Account with Curtwright for the purpose of Curtwright collecting on the Account and earning a percentage of whatever amount it collected.

28. Curtwright is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Tex. Fin. Code § 392.001(6), is a "third-party debt collector" as that term is defined by Tex. Fin. Code § 392.001(7).

29. After the Account allegedly went into default with the original creditor, Citi, the Account was purchased by JH for the purpose of collecting on the Account.

30. On information and belief, JH sold the account to JTM in March 2016.

31. JTM hired Curtwright to collect the account from Plaintiff.

32. Curtwright attempted to call Plaintiff multiple times and left messages for Plaintiff on Plaintiff's voicemail.

33. One of the messages Curtwright left for Plaintiff stated:

> Yes, good morning. My name is Shawn Watters. This number is listed as a point of contact for Jonathan Gorden. I'm calling today to verify location information along with a mailable address for purposes of required legal notice scheduled to be filed in Fannin County. This matter is extremely time-sensitive, so urgency is a must. If you can please deliver a message or have Jonathan Gorden call me back toll free at 1-866-802-9343. My extension here is 222. When returning the call please refer to file number 1221079. Thank you for your cooperation and have a good day.

34. Another message Curtwright left for Plaintiff stated:

> Yes good morning. My name is Shawn Watters. The reason for my call is to verify location information along with available assets for the purposes of a required legal notice scheduled to be filed in Fannin County. This matter is extremely time-sensitive, and urgency is a must. I can be reached at 1-866-802-9343. My extension here is 222. When returning the call please refer to file number 1221079. Thank you in advance for your cooperation and have a good day.

35. Curtwright also left one or more substantially similar, if not identical, voicemail messages on Plaintiff's parents' business voicemail.

36. Plaintiff had never provided Curtwright or any other creditor the phone number to his parents' business as a contact number to reach Plaintiff.

37. Plaintiff did not and has never worked at his parents' business.

38. On information and belief, Curtwright obtained this phone number through various skip-tracing methods.

39. Curtwright did not verify that the phone number belonged to Plaintiff or even that Plaintiff worked at his parents' business.

40. The voicemail left at Plaintiff's parents' business was heard by Plaintiff's father, Plaintiff's mother and Plaintiff's sister.

41. Prior to hearing these messages, Plaintiff's father, Plaintiff's mother and Plaintiff's sister did not know of the Account or that Defendant owed a debt.

42. In a live call with Plaintiff, Curtwright told Plaintiff that the status of his account was "pre-legal" and that Curtwright would soon "make a recommendation" to the Account's current creditor, who might "pursue on the account."

43. In the same live call, Curtwright told Plaintiff Curtwright had spoken with JTM that morning and that JTM had lowered the amount at which JTM was willing to settle the account to a number at which JTM would not "make a dollar."

44. The information and/or implications contained in the voicemail message(s) and live calls would cause the least sophisticated consumer to believe that a lawsuit had been filed or immanently would be filed against the consumer.

45. The information and/or implications contained in the voicemail message(s) and live calls did cause Plaintiff to believe that a lawsuit had been filed or immanently would be filed against Plaintiff on the account.

46. The information and/or implications contained in the voicemail message(s) and live calls was/were false.

47. JTM had not sued and did not have any present intention of suing Plaintiff on the account.

48. Curtwright was not verifying location information and available assets.

49. There was no "required legal notice scheduled to be filed in Fannin County."

50. The matter was not "extremely time-sensitive."

51. JTM did not lower the amount to which JTM would settle the Account to a number at which JTM would not "make a dollar."

52. The reason Curtwright wanted Plaintiff to feel this way was to cause Plaintiff to pay Curtwright on the Account.

53. In these messages, Curtwright failed to provide meaningful disclosure of its identity.

54. In these messages, Curtwright failed to inform Plaintiff that it was a debt collector or that it was attempting to collect a debt or that any information obtained would be sued for the purpose of debt collection.

55. Curtwright also failed to provide Plaintiff with notice of any of the various rights described in 15 U.S.C. § 1692g.

56. Curtwright knew that the information it communicated to Plaintiff was false.

57. Curtwright knew that it was required to inform Plaintiff of its status as a debt collector.

58. Curtwright knew that it was required to inform Plaintiff that it was attempting to collect a debt and that any information obtained would be used for the purpose of debt collection.

59. Curtwright knew that it was required to provide Plaintiff with meaningful disclosure of its corporate identity.

60. Curtwright knew that it was required to provide Plaintiff with notice of the various rights described in 15 U.S.C. §1691g.

61. Curtwright knew that JTM had not sued Plaintiff and that JTM had no present intention of suing Plaintiff on the Account.

62. In a live call with Curtwright, Curtwright told Plaintiff that JTM was the current owner of the Account.

63. Plaintiff contacted JTM and spoke with JTM about the debt on multiple occasions in March 2016.

64. Each time Plaintiff spoke with JTM, JTM failed to inform Plaintiff that JTM was a debt collector, or that it was attempting to collect a debt or that any information obtained would be used for the purpose of debt collection.

65. JTM never provided Plaintiff with notice of any of the various rights described in 15 U.S.C. § 1692g.

66. JTM knew that it was required to inform Plaintiff of its status as a debt collector.

67. JTM knew that it was required to inform Plaintiff that it was attempting to collect a debt and that any information obtained would be used for the purpose of debt collection.

68. JTM knew that it was required to provide Plaintiff with notice of the various rights described in 15 U.S.C. § 1692g.

69. Plaintiff contacted the original creditor, Citi, who informed Plaintiff that the Account had been sold to JH.  Citi also provided contact information for JH.

70. Plaintiff contacted JH to obtain information about the current status of the account.

71. During the call with JH on approximately March 16, 2016, JH told Plaintiff that JH was the owner of the debt and that another collection agency, D&A Services was collecting the account on behalf of JH.

72. On March 21, 2016, Plaintiff called D&A Services, who denied having an account for Plaintiff.

73. On information and belief, JH was no longer the owner of the Account as JH said.

74. JH's statement that it was the current owner of the account was a misrepresentation of the current status of the account and would cause the least sophisticated consumer to believe that JH was the current owner of the account.

75. JH said that it was the owner of the account in hopes that Plaintiff would pay JH or its agent, D&A Services, on the account, even though JH had sold the account to another debt buyer.

76. JH never provided Plaintiff with notice of any of the various rights described in 15 U.S.C. § 1692g.

77. JH knew that it was not the owner of the account at the time it represented that it was the owner of the account.

78. JH knew that it was required to provide Plaintiff with notice of any of the various rights described in 15 U.S.C. § 1692g.

79. The purpose for all of the calls and voicemails described above was to attempt to collect the Account.

80. The calls and voicemails conveyed information regarding the Account directly or indirectly to Plaintiff.

81. The calls and voicemails constituted "communication[s]" as defined by the FDCPA at 15 U.S.C. § 1692a(2).

82. The only reason that Defendants had conversations and/or left messages with Plaintiff was to attempt to collect the Account.

83. The statements and actions of Defendants constitute illegal communication in connection with debt collection.

84. All of the conduct by Defendants and/or their employees and/or agents alleged in the preceding paragraphs was done knowingly and willfully and purposefully.

85. As a direct and proximate result of the aforesaid actions, Plaintiff seeks damages pursuant to FDCPA 1692k(a).

**RESPONDEAT SUPERIOR**

86. The representative(s) and/or collector(s) at Curtwright were employee(s) and/or agent(s) of Curtwright at all times mentioned herein.

87. The representative(s) and/or collector(s) at Curtwright were acting within the course and/or scope of their employment at all times mentioned herein.

88. The representative(s) and/or collector(s) at Curtwright were under the direct supervision and/or control of Curtwright at all times mentioned herein.

89. The actions of the representative(s) and/or collector(s) at Curtwright are imputed to their employer, Curtwright.

90. The representative(s) and/or collector(s) at JTM were employee(s) and/or agent(s) of JTM at all times mentioned herein.

91. The representative(s) and/or collector(s) at JTM were acting within the course and/or scope of their employment at all times mentioned herein.

92. The representative(s) and/or collector(s) at JTM were under the direct supervision and/or control of JTM at all times mentioned herein.

93. The actions of the representative(s) and/or collector(s) at JTM are imputed to their employer, JTM.

94. The representative(s) and/or collector(s) at JH were employee(s) and/or agent(s) of JH at all times mentioned herein.

95. The representative(s) and/or collector(s) at JH were acting within the course and/or scope of their employment at all times mentioned herein.

96. The representative(s) and/or collector(s) at JH were under the direct supervision and/or control of JH at all times mentioned herein.

97. The actions of the representative(s) and/or collector(s) at JH are imputed to their employer, JH.

### COUNT I: VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq. BY CURTWRIGHT & KLEIN, LLC

98. The previous paragraphs are incorporated into this Count as if set forth in full.

99. The act(s) and omission(s) of Curtwright and its representative(s), employee(s) and/or agent(s) violated 15 U.S.C. § 1692c(b) and § 1692d(2)&(6) and § 1692(e)(2)&(5)& (8)&(10)&(11) and § 1692g

100.   Pursuant to 15 U.S.C. § 1692k Plaintiff seeks damages, reasonable attorney's fees and costs.

### COUNT II: VIOLATIONS OF THE TEXAS FINANCE CODE BY CURTWRIGHT & KLEIN, LLC

101.   The previous paragraphs are incorporated into this Count as if set forth in full.

102.   The act(s) and omission(s) of Curtwright and its representative(s), employee(s) and/or agent(s) violated Tex. Fin. Code §392.304a(5)&(8)&(19).

103.   Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks statutory damages, actual damages, injunctive relief, and reasonable attorney's fees and costs.

### COUNT III: INVASION OF PRIVACY (INTRUSION ON SECLUSION) BY CURTWRIGHT & KLEIN, LLC

104.   In the alternative, without waiving any of the other causes of action herein, without waiving any procedural, contractual, statutory, or common-law right, and incorporating all other allegations herein to the extent they are not inconsistent with the cause of action pled here, Curtwright is liable to Plaintiff for invading Plaintiff's privacy (intrusion on seclusion). Southwest intentionally intruded on Plaintiff's solitude, seclusion, or private affairs, and such intrusion would be highly offensive to a reasonable person.

105. Plaintiff suffered actual damages as a result of Curtwright's intrusion in the way of fear, anxiety, stress, sleeplessness, mental anguish mild depression and/or distraction from normal life.

### COUNT IV:  UNREASONABLE COLLECTION EFFORTS BY CURTWRIGHT & KLEIN, LLC

106. In the alternative, without waiving any of the other causes of action herein, without waiving any procedural, contractual, statutory, or common-law right, and incorporating all other allegations herein to the extent they are not inconsistent with the cause of action pled here, Curtwright is liable to Plaintiff for its unreasonable collection efforts.

107. Plaintiff has a right to be free from unreasonable and wrongful collection and/or repossession efforts.  *See, e.g., Moore v. Savage*, 359 S.W.2d 95 (Tex. Civ. App. –Waco 1962, writ ref'd n.r.e).

108. Curtwright's collection efforts were unreasonable and wrongful.

109. Curtwright's unreasonable collection efforts proximately caused Plaintiff to suffer injury, including but not necessarily limited to fear, anxiety, stress, sleeplessness, mental anguish mild depression and/or distraction from normal life.

### COUNT V:  IMPUTED LIABILITY OF WASHINGTON INTERNATIONAL INSURANCE COMPANY FOR LIABILITY OF CURTWRIGHT & KLEIN, LLC

110. The previous paragraphs are incorporated into this Count as if set forth in full.

111. The act(s) and omission(s) of Curtwright and their representative(s), employee(s) and/or agent(s) in violation of Tex. Fin. Code §392.304a(5)&(8)&(19) are imputed to Washington pursuant to Tex. Fin. Code § 392.102.

112. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks damages, reasonable attorney's fees and costs from Defendant Washington.

### COUNT VI: VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq. BY JTM CAPITAL MANAGEMENT, LLC

113. The previous paragraphs are incorporated into this Count as if set forth in full.

114. The act(s) and omission(s) of JTM and its representative(s), employee(s) and/or agent(s) violated 15 U.S.C. § 1692(e)(11) and §1692g

115. Pursuant to 15 U.S.C. § 1692k Plaintiff seeks damages, reasonable attorney's fees and costs.

### COUNT VII: VIOLATIONS OF THE TEXAS FINANCE CODE BY JTM CAPITAL MANAGEMENT, LLC

116. The previous paragraphs are incorporated into this Count as if set forth in full.

117. The act(s) and omission(s) of JTM and its representative(s), employee(s) and/or agent(s) violated Tex. Fin. Code §392.304a(5).

118. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks statutory damages, actual damages, injunctive relief, and reasonable attorney's fees and costs.

### COUNT VIII: IMPUTED LIABILITY OF LEXON INSURANCE COMPANY FOR LIABILITY OF JTM CAPITAL MANAGEMENT, LLC

119. The previous paragraphs are incorporated into this Count as if set forth in full.

120. The act(s) and omission(s) of JTM and their representative(s), employee(s) and/or agent(s) in violation of Tex. Fin. Code §392.304a(5) are imputed to Lexon pursuant to Tex. Fin. Code § 392.102.

121. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks damages, reasonable attorney's fees and costs from Defendant Lexon.

### COUNT IX: VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq. BY JH PORTFOLIO DEBT EQUITIES, LLC

122. The previous paragraphs are incorporated into this Count as if set forth in full.

123. The act(s) and omission(s) of JH and its representative(s), employee(s) and/or agent(s) violated 15 U.S.C. § 1692d(6) and § 1692(e)(2)&(11).

124. Pursuant to 15 U.S.C. § 1692k Plaintiff seeks damages, reasonable attorney's fees and costs.

### COUNT X: VIOLATIONS OF THE TEXAS FINANCE CODE BY JH PORTFOLIO DEBT EQUITIES, LLC

125. The previous paragraphs are incorporated into this Count as if set forth in full.

126. The act(s) and omission(s) of JH and its representative(s), employee(s) and/or agent(s) violated Tex. Fin. Code §392.304a(4)&(5)&(8)&(14)&(19).

127. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks statutory damages, actual damages, injunctive relief, and reasonable attorney's fees and costs.

## COUNT XI: IMPUTED LIABILITY OF INTERNATIONAL FIDELITY INSURANCE COMPANY FOR LIABILITY OF JH PORTFOLIO DEBT EQUITIES, LLC

128. The previous paragraphs are incorporated into this Count as if set forth in full.

129. The act(s) and omission(s) of JH and their representative(s), employee(s) and/or agent(s) in violation of Tex. Fin. Code §392.304a(4)&(5)&(8)&(14)&(19) are imputed to IFIC pursuant to Tex. Fin. Code § 392.102.

130. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks damages, reasonable attorney's fees and costs from Defendant IFIC.

### EXEMPLARY DAMAGES

131. Exemplary damages should be awarded against Curtwright because the harm with respect to which Plaintiff seeks recovery of exemplary damages resulted from malice (which means that there was a specific intent by Curtwright to cause substantial injury or harm to Plaintiff) and/or gross negligence (which means that Curtwright's actions and/or omissions (i) when viewed objectively from Curtwright's standpoint at the time of the acts and/or omissions involved an extreme degree of risk, considering the probability and magnitude of potential harm to others and (ii) were such that Curtwright had an actual, subjective awareness of the risk involved but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others).

**JURY TRIAL DEMAND**

132. Plaintiff is entitled to and hereby demands a trial by jury.

**DEMAND FOR RELIEF**

WHEREFORE, Plaintiff requests that the Court grant the following:

133. Judgment in favor of Plaintiff and against Curtwright as follows:

   a. Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2);

   b. Actual damages pursuant to 15 U.S.C. 1692k(a)(1); and

   c. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

   d. Exemplary damages pursuant to the common law of Texas, see, e.g. *Waterfield Mortgage Co., Inc. v. Rodriguez*, 929 S.W.2d 641, 645 (Tex. App. 1996);

   e. Such other and further relief as the Court deems just and proper.

134. Judgment in favor of Plaintiff and against Curtwright and Washington jointly and severally, as follows:

   a. Actual damages pursuant to Tex. Fin. Code § 392.403(a)(2);

   b. An injunction permanently enjoining Curtwright following trial of this cause from committing acts in violation of the Texas Finance Code as cited herein pursuant to Tex. Fin. Code § 392.403(a)(1);

   c. Reasonable attorneys fees and costs pursuant to Tex. Fin. Code § 392.403;

   d. Such other and further relief as the Court deems just and proper.

135. Judgment in favor of Plaintiff and against JTM as follows:

   f. Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2);

    g. Actual damages pursuant to 15 U.S.C. 1692k(a)(1); and

    h. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

    i. Such other and further relief as the Court deems just and proper.

136.    Judgment in favor of Plaintiff and against JTM and Lexon jointly and severally, as follows:

    e. Actual damages pursuant to Tex. Fin. Code § 392.403(a)(2);

    f. An injunction permanently enjoining JTM following trial of this cause from committing acts in violation of the Texas Finance Code as cited herein pursuant to Tex. Fin. Code § 392.403(a)(1);

    g. Reasonable attorneys fees and costs pursuant to Tex. Fin. Code § 392.403;

    h. Such other and further relief as the Court deems just and proper.

137.    Judgment in favor of Plaintiff and against JH as follows:

    j. Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2);

    k. Actual damages pursuant to 15 U.S.C. 1692k(a)(1); and

    l. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

    m. Exemplary damages pursuant to the common law of Texas, see, e.g. *Waterfield Mortgage Co., Inc. v. Rodriguez*, 929 S.W.2d 641, 645 (Tex. App. 1996);

    n. Such other and further relief as the Court deems just and proper.

138.    Judgment in favor of Plaintiff and against JH and IFIC jointly and severally, as follows:

    i. Actual damages pursuant to Tex. Fin. Code § 392.403(a)(2);

j. An injunction permanently enjoining Curtwright following trial of this cause from committing acts in violation of the Texas Finance Code as cited herein pursuant to Tex. Fin. Code § 392.403(a)(1);

k. Reasonable attorneys fees and costs pursuant to Tex. Fin. Code § 392.403;

l. Such other and further relief as the Court deems just and proper.

                                      Respectfully submitted,

                                      THE WOOD FIRM, PLLC

/s/ Jeffrey D. Wood
Jeffrey D. Wood, Esq.
ArkBN: 2006164
14524 Cantrell Rd.
Suite 140 – PMB 208
Rockwall, TX 75087
TEL: 682-651-7599
FAX: 888-598-9022
EMAIL: jeff@mmlaw.pro
*Attorney for Plaintiff*